UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at WINCHESTER

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 4:06-cv-68 |
| ) | |
| v. ) | Judge Mattice |
| ) | |
| JAMAL M. SIMRIN ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

**MEMORANDUM OPINION**

This lawsuit by Plaintiff, the federal government, seeks to recover payment for two unpaid federal student loans in Defendant's, Jamal M. Simrin's, name.

## I. PROCEDURAL BACKGROUND AND JURISDICTION

This action to collect upon a federal student loan debt was filed on November 2, 2005 in the U.S. District Court for the Eastern District of Tennessee, Winchester Division. The Court's subject matter jurisdiction over this matter, which is not in dispute, is pursuant to 28 U.S.C. § 1345. Pursuant to 28 U.S.C. § 1391, the action was properly brought in the district where the defendant resides.

## II. STIPULATED FACTS AND TRIAL TESTIMONY

This matter proceeded to a bench trial before the undersigned in Winchester, Tennessee on January 25, 2008. At trial, the following facts were either stipulated to by the parties or testified to by the witnesses called.

Two unpaid federal student loans are at issue. Both loans were in Defendant's name, and the federal government served as the guarantor of both loans pursuant to Title

VI-B of the Higher Education Act of 1965, as amended, 20 U.S.C. § 1071 *et. seq.* (34 C.F.R. Part 682). The federal government introduced two signed promissory notes into evidence. The first promissory note secured a loan for $2,500.00 dated November 21, 1983. The second promissory note at secured a loan for $2,500.00 dated December 4, 1984. Defendant testified that both promissory notes bore his signature.

The federal government's witness, Deflin Reyes, a U.S. Department of Education official, identified the certificate of indebtedness, which shows a liability due by Defendant to the federal government for both loans. Reyes also testified that the U.S. Department of Education received notice that the loans were funded and not repaid. As of March 30, 2006, Defendant owes a total $13,692.94, at the rate of 9 percent interest per annum. Defendant, however, disagrees and denies any responsibility for the loans. He contends that the two federal student loans were never funded.

### III. APPLICABLE LAW

Unlike most claims to recover debts, there is no statute of limitations for federal student loan collection actions. 20 U.S.C. § 1091a(a); *see, e.g., U.S. v. Davis,* 801 F. Supp. 581, 582-83 (M.D. Ala. 1992). The Higher Education Technical Amendment of 1991 retroactively abrogated all statutes of limitations on actions to collect defaulted federally-guaranteed student loans and revived stale actions. *Id.* Congress explicitly enacted this law "to ensure that obligations to repay loans and grant overpayments are enforced without regard to any Federal or State statutory, regulatory, or administrative limitation on the period within which debts may be enforced." *See* Higher Education Technical Amendments of 1991, HR 1285, 102nd Cong. § 3(a) (1991).

In federal student loan cases, the Court is tasked with a two-step, burden shifting

-2-

inquiry. The federal government may only collect on student loan debt by establishing a *prima facie* case. The federal government meets this burden "if it introduces the promissory note and a certificate of indebtedness signed under penalty of perjury by a loan analyst" into evidence. *Guillermety v. U.S. Dep't of Educ.,* 341 F. Supp. 2d 682, 684-88 (E.D. Mich. 2003). After the federal government has met its burden, the debtor "has the burden of 'proving the nonexistence, extinguishment, or variance in payment of the obligation." *Id.* at 688.

**IV.   FINDINGS OF FACT AND CONCLUSIONS OF LAW**

The federal government has provided sufficient evidence to meet its burden. First, the federal government introduced two promissory notes signed by the Defendant. Second, the federal government introduced certificates of indebtedness for the two student loans at issue. Third, the federal government's witness, Reyes, testified that the certificates of indebtedness accurately reflect the debt owed in Defendant's name and constitute official records that were kept in the ordinary course of business. This evidence sufficiently establishes the federal government's *prima facie* right to recovery. *Guillermety,* 341 F. Supp. 2d at 688.

Next, the Court must determine whether Defendant has met his burden by rebutting the federal government's *prima facie* right to recovery. Although the passage of time and the lack of paperwork make it difficult for Defendant to meet his burden, the government is entitled to recover absent evidence to contradict the government's *prima facie* case. As the Court observed at trial, the student loans at issue were originated over twenty years ago and a great deal of the original paperwork no longer exists. [Court Doc. 20, Tr. 5:1-3]. Congress, however, has issued a clear directive – there is no statute of limitations on the collection of a federal student loan debt. 20 U.S.C. § 1091a(a).

Irrespective of the amount of time that has passed since the origination of the loans, Defendant has the burden to introduce evidence that substantiates his assertion that the loans at issue were never funded.

Defendant does not contest that his signature appears on the promissory notes nor does he contend that the certificates of indebtedness are illegitimate. Rather, Defendant argues that he has no obligation to repay the loans because the loans were never funded. Accordingly, the Court must determine whether Defendant has presented sufficient evidence in proving the nonexistence of this obligation. *Guillermety,* 341 F. Supp. 2d at 688.

The Court did find Mr. Simrin to be a credible witness. However, his uncorroborated testimony fails to rebut the federal government's *prima facie* evidentiary showing. *U.S. v. Motley*, No.00-1206, 2000 WL 1871732, at *1 (6th Cir. Dec. 12, 2000) (holding that a "conclusory denial in [defendant's] affidavit that he signed the notes" was insufficient to defeat the government's *prima facie* showing of liability.). Accordingly, Defendant has not met his burden, and thus, the federal government is entitled to collect on the two unpaid federal student loans in Defendant's name.

**V.    CONCLUSION**

For the foregoing reasons, the Court concludes that the government has met its burden of proof and that it is entitled to collect on the two federal student loan promissory notes signed by Defendant.  Accordingly, it is **ORDERED** that Defendant pay the sum of $13,692.94 plus interest to the date of judgment at the rate of 9 percent on the principal amount of $5,550.48 to the government.  Each party shall bear their own costs.

**SO ORDERED** this 11th day of September, 2008.

                                               /s/Harry S. Mattice, Jr.
                                             HARRY S. MATTICE, JR.
                                             UNITED STATES DISTRICT JUDGE